UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **ERICA SAVOY,** | |
| *Plaintiff*, | Case No: |
| v. | |
| **CLARITY SERVICES, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, ERICA SAVOY ("Ms. Savoy"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, CLARITY SERVICES, INC. ("Clarity" or "Defendant"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Savoy against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

Page 1 of 13

4. Venue is proper in the Middle District of Florida because the acts complained of were committed and/or caused by the Defendant within Hillsborough County, which is in the Middle District.

## PARTIES

### Ms. Savoy

5. Ms. Savoy is a natural person residing in the city of Tampa, Hillsborough County, Florida.

6. Ms. Savoy is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Savoy

10. At some point in 2019, Clarity began maintaining a credit file on Ms. Savoy.

11. On or about December, 2021, Clarity began reporting a loan balance of $8,454.00 was owed to "NetCredit". **SEE PLAINTIFF'S EXHIBIT A.**

12. "NetCredit" refers to NetCredit Loan Services, LLC, a financial services company which makes loans mostly to credit-challenged consumers who, overwhelmingly, cannot qualify for traditional credit, at interest rates considered as usurious in most states.

13. As of August 16, 2024, the "NetCredit" tradeline indicated a "Current Loan Amount" of $5,500.00, a "Current Balance" of $8,454.00, a "Past Due" amount of $8,454.00, a "Next Payment Amount" of $8,910.00, a "Status" of Collections, and a "last updated date" of December 15, 2023. *Id.*

14. Thus, as of August, 2024, almost three years had passed since any update or change had been made to the "NetCredit" tradeline.

15. On or about January, 2024, NetCredit Loan Services, LLC agreed that Ms. Savoy's loan was settled with a $0 balance.

16. Around this time, NetCredit Loan Services, LLC instructed Clarity to delete the tradeline from Ms. Savoy's credit file.

17. The "NetCredit" tradeline thus should not be reporting at all, but assuming *arguendo* Clarity determined it should report, the tradeline information

contains substantial inaccuracies, as the balance on the account is $0, and no past-due amount exists.

18. Ms. Savoy's Clarity credit file is far from an isolated incident; many consumer Clarity files have information about loans due weekly or bi-weekly which have not been updated for three or more years.

19. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

20. The overwhelming majority of Clarity's data furnishers are short-term, small-dollar lenders; as such, allowing information to remain non-updated for three years or more virtually guarantees reports will be sold with stale, outdated, and erroneous information.

21. Beyond this, Clarity's systems are programmed to report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

22. For example, Clarity reports that Ms. Savoy's year of birth is 1975 and 1991.

23. Clarity also reported that Ms. Savoy had a total of six (6) driver's license numbers. *Id.*

24. Due to redaction, two of the driver's license numbers end in the same four digits of "7700" followed by "FL" to indicate that they are Florida driver's licenses, however due to the redaction, it is not possible to know if they the same driver's license or not. *Id.*

25. The second driver's license number ends in "2757" followed by "FL" to indicate that it is a Florida driver's license number. *Id.*

26. The third driver's license number ends in "5770" followed by "FL," to indicate that it is a Florida driver's license number. *Id.*

27. The six driver's license numbers contain various amounts of digits, ranging from ten to sixteen.

28. Florida's driver license numbers contain thirteen (13) digits.

29. It would be impossible for a consumer to have six separate Florida driver's license numbers, some of which do not contain enough digits to be a valid Florida driver's license.

30. Clarity also reported that Ms.Savoy's housing status as "OTHER" on August 21, 2019. *Id.*

31. Clarity also reported over a dozen "MONTHS AT ADDRESS" for Ms. Savoy, ranging from 1 to 217 months, many of which overlap. *Id.*

32. Clarity also reports an employer address of "123 MAIN STREET, TAMPA, FL" *Id.*

33. The address "123 Main Street" is a placeholder automatically inserted by Clarity's systems when an employer address is not furnished by a data furnisher.

34. "123 Main Street, Tampa, FL" is a 3 bedroom, 2 bath house that is currently off-market, per realtor.com, not a place of business. *See*

*https://www.realtor.com/realestateandhomes-detail/123-Main_Tampa_FL_85233_M97372-69319*

35. Clarity reported multiple other glaring inaccuracies on Ms. Savoy's report… without beleaguering the point, they include employment history, length of employment, and payment history.

36. Thus, Clarity's systems are literally *programmed to insert false information* into consumer credit files.

37. Records from Clarity show it sold over one-hundred (100) reports regarding Ms. Savoy in the past five years.

38. Each of these reports contained the inaccurate NetCredit tradeline, as well as false and preposterous information about Ms. Savoy's employment history, housing status, work address, and more.

39. Clarity, a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, operates in stark contrast to its parent company.

40. While Experian enforces Metro 2 guidelines – industry standards which contain hundreds of pages of explanation on how to report information, covering almost any conceivable scenario, and which is used by other large CRAs and serves as a *lingua franca* – Clarity requires no such compliance with Metro 2 guidelines and has no discernable quality-assurance standards.

41. Indeed, Clarity frequently reports lengths of employment that exceed one million years, lengths of residential history that exceed one million years, and other information clearly false.

42. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

43. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Ms. Savoy.

44. Clarity was thus aware that when it sold reports on Ms. Savoy in the last two years that, under a best-case scenario, it was selling data which was in some cases more than a half-decade out-of-date and other information it knew it had gathered without regard to accuracy or completeness.

45. As a result of the Defendant's actions, Ms. Savoy has suffered damages, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

46. Ms. Savoy has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

47. Ms. Savoy adopts and incorporates paragraphs 1 – 46 as if fully stated herein.

48. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports

sold regarding Ms. Savoy when Clarity sold consumer reports containing out-of-date tradeline information on the NetCredit tradeline, as it should have reflected a $0 balance with $0 past due, if it was reported at all, along with bogus information about her year of birth, housing information, employment information and status, payroll, and other personal information.

49. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with out-of-date, false tradeline information.

50. Clarity's conduct was thus willful or done with a reckless disregard for Ms. Savoy's rights under the FCRA.

51. As a result of its conduct, Clarity is liable to Ms. Savoy pursuant to the FCRA for the greater of Ms. Savoy's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Savoy respectfully requests this Honorable Court enter judgment against Clarity for:

 a. The greater of Ms. Savoy's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

 b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

 c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

 d. Such other relief that this Court deems just and proper.

**COUNT II**

## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

52. Ms. Savoy adopts and incorporates paragraphs 1 – 46 as if fully stated herein, and pled strictly in the alternative to Count I.

53. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Ms. Savoy when Clarity sold consumer reports containing out-of-date tradeline information on the NetCredit tradeline, as it should have reflected a $0 balance with $0 past due, if it was reported at all, along with bogus information about her year of birth, housing information, employment information and status, payroll, and other personal information.

54. Clarity owed Ms. NetCredit a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Ms. Savoy.

55. Clarity breached this duty when it sold consumer reports containing out-of-date tradeline information on the NetCredit tradeline, as it should have reflected a $0 balance with $0 past due, if they were reported at all, along with bogus information about her year of birth, housing information, employment information and status, payroll, and other personal information.

56. Clarity thus acted negligently, and Ms. Savoy is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Savoy respectfully requests this Honorable Court enter judgment against Clarity for:

    a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

    c.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on February 26, 2025, by:

**SERAPH LEGAL, P.A.**

*/s/ Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar No.: 1045392
Seraph Legal, P.A.
2124 W. Kennedy Blvd., Ste. A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
FGulen@SeraphLegal.com
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Ms. Savoy's Clarity Consumer Disclosure - August 16, 2024 – Excerpts